UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LUKE DEITEMEYER, ) | C/A No. 4:14-2855-TMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| FEDERAL BUREAU OF PRISONS; ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner filed a petition for writ of habeas corpus on July 16, 2014, pursuant to 28 U.S.C. § 2241.[1] At the time of the filing of the petition, Petitioner was housed at the Federal Correctional Institution (FCI) in Edgefield, South Carolina. On September 5, 2014, Petitioner filed a notice of change of address. Respondent filed a motion to dismiss, or in the alternative, motion for summary judgment on September 8, 2014. The undersigned issued an order filed September 9, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner failed to file a response.

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment, or the court's order requiring him to respond. The undersigned concludes the Petitioner has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, Respondent's motion to dismiss, or in the alternative, motion for summary judgment will be addressed.

## ANALYSIS

In the petition, Petitioner challenges the execution of his federal sentence arguing that the Bureau of Prisons (BOP) failed to award him "credit for presentence detention" toward his federal sentence. (Doc. #1). At the time of the filing of his petition, Petitioner was incarcerated and housed at the FCI, Edgefield, and argued that he should have been released almost three months earlier. Therefore, Petitioner was seeking release from the BOP.

Respondent filed a motion to dismiss/motion summary judgment asserting the petition should be dismissed for mootness since Petitioner had been released from the custody of the BOP on July 24, 2014. (Doc. #11). Respondent attached a copy of the Sentence Monitoring Computation Date and the Inmate History. (Docs. 11-1 and 11-2). Petitioner was released from the FCI, Edgefield, South Carolina on July 24, 2014, via good conduct time release. (Doc. #11-2). On September 5, 2014, Petitioner filed a notice of change of address with the court stating that his new address was "11640 Hwy 3, Barnwell, South Carolina." (Doc. #10).

In light of the fact that Petitioner was released from the FCI on July 24, 2014, and it appearing there is no further relief that this court can provide, it is recommended that this action be dismissed as moot and Respondent's motion (Doc. #11) granted.[2] See e.g., Alston v. Adams, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2006). Where a petitioner attacks his sentence only and not the validity of his conviction, expiration of the sentence moots the case. See Lane v. Williams, 455 U.S. 624, 631 (1982).

---

[2] Respondent did not indicate that there were any collateral consequences at issue and Petitioner did not file a response. Regardless, Petitioner was only attacking the execution of his sentence.

3

## **CONCLUSION**

As set out above, it is RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice.

Alternatively, it is RECOMMENDED that Respondent's motion for summary judgment (document #11) be GRANTED in its ENTIRETY, and the petition dismissed as moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 15, 2014
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

4